UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Branyon Farr, #2006,<br><br>Plaintiff,<br><br>vs.<br><br>Anderson County Detention Center; and<br>David Crenshaw, Sheriff,<br><br>Defendants. | ) C/A No. 9:06-3436-CMC-GCK<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |



The plaintiff, Robert Branyon Farr (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is detained in the Anderson County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the detention center and the Sheriff as defendants.[2] Plaintiff requests damages for contracting staph infection at the detention center. The plaintiff claims he did not receive prompt medical attention, and the detention center has an "ongoing problem" with staph infection at the detention center, because little is done, such as isolation of infected inmates or proper disinfecting, to prevent the spread of the disease. The complaint should be dismissed for failure to state a claim against the named defendants.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied,* 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, (4th Cir. 1990).

### Background

The complaint could be liberally construed to state claims for deliberate indifference to serious medical needs as well as health and safety. The complaint claims Plaintiff did not receive prompt medical attention for staph infection, and was initially incorrectly diagnosed by a nurse. The plaintiff claims "there is an ongoing problem with staph infection" at the detention center, and little is done, such as isolation of infected inmates or proper disinfecting, to prevent the spread of the disease. The complaint requests "eight thousand dollars for mental anguish suffered by me due to the incompetence and lack of concern of the Sheriff and Detention Center personel (sic)."

### Discussion

The first defendant listed in the plaintiff's complaint is the Anderson County Detention Center. In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws"

3

by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." The Anderson County Detention Center is a facility used to house prisoners and detainees. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the Anderson County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), *overruled on other grounds,* Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The Anderson County Detention Center cannot be sued under § 1983, and therefore should be dismissed as a defendant in this case.

The Plaintiff also lists David Crenshaw, Sheriff of Anderson County, as a defendant in the lawsuit. The complaint, however, does not state how Defendant Crenshaw is related to the alleged deprivation of Plaintiff's rights based on conditions in the detention center. Although the complaint also does not indicate whether the lawsuit is against Defendant Crenshaw in his individual or official capacity, in either capacity, Defendant Crenshaw is entitled to summary dismissal.

In South Carolina, a sheriff acting in his official capacity is acting for the State. *See* Cone v. Nettles, 308 S.C. 109, 112, 417 S.E.2d 523, 524-25 (1992) (citing reasoning of

Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988), aff'd, 878 F.2d 379 (1989)). A suit against the Sheriff in federal court in his official capacity is therefore a suit against the State, and thus barred by the Eleventh Amendment. McConnell v. Adams, 829 F.2d 1319, 1328- 29 (4th Cir. 1987), cert. denied, 486 U.S. 1006 (1988). See also Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (finding sheriff to be immune because, in his official capacity, he is "an arm of the state"); McCall v. Williams, 52 F. Supp. 2d 611, 615 (D.S.C. 1999) (same). Defendant Crenshaw is immune from suit under § 1983 in his official capacity as Sheriff.

In regards to individual liability, the complaint contains no factual allegations against Defendant Crenshaw. The "short plain statement of the claim" required by Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed facts of the bases of the claim; however, the complaint must provide enough specificity to "give the defendant fair notice of what the plaintiff's claim is." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) quoting Conley v. Gibson, 355 U.S. 41 (1957). Dismissal is necessary where plaintiff's complaint fails to contain "any factual allegations tending to support [his] bare assertion." White v. White, 886 F.2d 721, 723 (4th Cir. 1989). The failure to make any factual allegations against Sheriff Crenshaw requires dismissal of this defendant.

If liberally construed, it is inferred that Plaintiff is suing Defendant Crenshaw as a supervisor over the detention center, the complaint fails to state a claim. Supervisory officials may be held liable, in certain circumstances, for constitutional injuries inflicted by their subordinates. Shaw v. Stroud, 13 F.3d 701, 798 (4th Cir. 1994). However, certain criteria must be met before such liability can attach. The plaintiff must show that the

5

supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Carter v. Morris, 164 F.3d 215, 221. Plaintiff's complaint contains no facts regarding Defendant Crenshaw which would satisfy the above criteria. The complaint fails to state a claim against Defendant Crenshaw, in both his official and individual capacities, therefore he should be dismissed as a party.

The caption of the complaint includes "medical" and the list of parties includes "the staff of the Anderson County Detention Center." These designations are not sufficient to identify specific individuals based on the general factual allegations contained in the complaint. Specific individuals must be identified, both to state a claim against them and to give them notice of the claims by service of a summons and the complaint. The general designations of "medical" and "staff" are not sufficient to name an individual as a defendant.

The complaint fails to state a claim against the named defendants. The facility is not a "person" subject to suit under § 1983. The Sheriff is immune from suit in his official capacity, and the complaint fails to allege facts that could establish individual or supervisory liability against the Sheriff in his individual capacity. The plaintiff's general reference in the caption to "medical" and in the complaint to the "staff of the Anderson County Detention Center" or "Detention Center personel(sic)" are insufficient to state a claim against an identifiable individual. The complaint should be dismissed for failure to state a claim against the named defendants. See 28 U.S.C. §§ 1915 and 1915A.

6

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

Respectfully submitted,

*/s/ George C. Kosko*
George C. Kosko
United States Magistrate Judge

January 4, 2007
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).